# EXHIBIT "H"



**COHEN TAUBER SPIEVACK & WAGNER P.C.**

direct:  212-381-8745
e-mail:  krubinstein@ctswlaw.com

March 23, 2018

*By E-mail and Federal Express*

Jonathan Sack, Esq.
Sack & Sack, LLP
70 East 55th Street, 10th floor
New York, New York 10022

*Re: Freeman & Co. and Tony Seto*

Dear Jonathan:

As an initial matter, as your client is aware, the reason for Mr. Seto's departure was due to your client's failure to live up to its representations regarding, among other things, compensation that were made to Mr. Seto in order to induce him to join Freeman in early 2017, when various other opportunities were available to him. In a series of discussions in late 2017-early 2018, your client acknowledged its failure to abide by its word and tried to pacify Mr. Seto, however, the accommodations it sought to make could not repair the damage that was done. If your client was true to its word, Mr. Seto would still be employed with Freeman.

With respect to the specific allegations in your letter, please be advised that:

- Since commencing employment with Berkshire, Mr. Seto has not violated the non-solicitation provision quoted in your letter.[1]

- Mr. Seto has not "taken" any transactions referenced in your letter; in fact, prior to his departure, and directly contrary to the assertions in your letter, Mr. Seto signed an engagement letter *for Freeman* for the "VI" transaction you referenced, but the client decided to forego proceeding with the transaction. Mr. Seto has not pursued this transaction since securing other employment.

- The "CN" transaction you referenced is yet another transaction which Mr. Seto has not pursued since securing alternate employment. In fact, Mr. Seto is not currently pursuing any of the transactions listed on the spreadsheet you referenced.

---

[1] As you have refused to provide me with the supporting documents referenced in your letter, I base my response on what is contained in your letter.

- Mr. Seto denies that, while employed by Freeman, he acted as a "faithless servant." As noted above, it was your client's failure to live up to its word that ultimately led Mr. Seto to resign. While he was employed, Mr. Seto tried to act in the best interest of Freeman.

Assuming you provide documentation supporting what you referenced in your letter as the purported "Non-Competition" and "Non-Solicitation" provisions, in an effort to resolve matters as amicably as possible, Mr. Seto will agree not to "participate in activities which are competitive to the business of the Company, or have a monetary interest in or invest capital in any business or enterprise in any field in competition with the Company . . ." until June 11, 2018, and comply with the cited Non-Solicitation provision. In addition, although he is not in possession of, or making use of, any materials belonging to Freeman, he has been advised to preserve data on his electronic devices.

*Please confirm that this arrangement is acceptable to your client and will resolve the issues raised in your letter.*

In the event it does not, this letter shall serve as notice that Freeman is under an obligation to preserve all records in its possession, custody, or control that refer or relate, in any way, to or that mention Mr. Seto. This preservation requirement extends not only to hard copy documents, but electronically stored information ("ESI") as well. Therefore, it is imperative that Freeman immediately take measures to preserve the integrity of its electronic files and all other information maintained on its computer systems (whether business or personal computers). This includes, without limitation, e-mail and other electronic communications, word processing documents, text messages, messages to and from any social media accounts, spreadsheets, calendars, telephone logs, internet usage files and network access information. Freeman should also preserve all data storage devices in its possession or in the possession of a third-party vendor, including all databases, networks, computer systems, servers, archives, backup or disaster recovery systems, tapes, discs, drives, cartridges and other storage media, laptops, personal computers, internet data, handheld wireless devices, mobile telephones, paging devices and audio systems (including voicemail).

Further, as part of Freeman's obligation to preserve ESI, it must immediately suspend any document destruction policies currently in effect. If there are any laptops or computers that are not connected to a server or network or are not backed up, they should be backed up immediately to preserve the data in the event any hard drive crashes. If Freeman or any of its employees, agents, or representatives have any related ESI on home or personal computers, it must be preserved as well.

C | T | S | W

I look forward to hearing from you.

Sincerely,

Kenneth J. Rubinstein